UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARC DUCHATELLIER,

               Plaintiff,

      v.                                          CAUSE NO. 3:20-CV-526 DRL-MGG

AUSTIN RUPERT *et al.*,

               Defendants.

<u>OPINION AND ORDER</u>

Marc Duchatellier, a prisoner without a lawyer, is proceeding against HSA Livers, Nurse Rebac, and LPN Allen (collectively, "Medical Defendants") on an Eighth Amendment claim "for deliberate indifference to his serious medical needs stemming from the use of force on April 13, 2020[.]" ECF 23 at 4.[1] The Medical Defendants filed a motion for summary judgment. ECF 47. Mr. Duchatellier filed a response, and the Medical Defendants filed a reply. ECF 53 and 54. The Medical Defendants' summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty*

---

[1] Mr. Duchatellier is also proceeding against Correctional Officers Rupert, Motshagen, and Halcarz (collectively, "State Defendants") on an Eighth Amendment claim "for using excessive force against him on April 13, 2020[.]" ECF 23 at 3-4. The State Defendants have not moved for summary judgment.

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit[.]" *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

In their summary judgment motion, the Medical Defendants argue Mr. Duchatellier did not exhaust his claim against them because he only filed grievances against the State Defendants and never complained of the conduct of the Medical Defendants. ECF 48. Mr. Duchatellier responds that he complained of the Medical Defendants' conduct in Grievance No. 114195, which he filed on April 23, 2020. ECF 53 at 6-7.

In Grievance 114195, Mr. Duchatellier complained that, on April 13, 2020, the State Defendants held his arm in a cuffport, used a TASER device on him, and banged his arm. ECF 47-4 at 15. Mr. Duchatellier also complained he was "denied medical attention" because the State Defendants refused to record the use of force and notify the medical staff. *Id.* After Grievance 114195 was denied, Mr. Duchatellier filed an appeal, asserting the State Defendants "failed to report the use of force" and "denied [him] medical treatment." *Id.* at 4. Thus, the record shows Grievance 114195 complained only that the State Defendants denied Mr. Duchatellier medical attention by refusing to report the incident. It did not complain that the Medical Defendants denied him treatment. Consequently, Mr. Duchatellier cannot rely on Grievance 114195 to show he exhausted his claim against the Medical Defendants. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it).

The record further shows Mr. Duchatellier submitted two additional grievances regarding the April 13 incident, which were rejected as duplicative of Grievance 114195. ECF 47-5 at 5, 7. Mr. Duchatellier has not alleged these grievances were improperly

rejected. *See* ECF 53. Regardless, neither grievance relates to Mr. Duchatellier's claim against the Medical Defendants. First, in a grievance dated June 10, 2020, Mr. Duchatellier complained that he had not received an update on an internal investigation regarding the April 13 incident. ECF 47-5 at 7. Second, in a grievance dated June 12, 2020, Mr. Duchatellier complained of the use of force on April 13 and asserted that State Defendant Officer Halcarz "lied and stated [he] refused medical assessment[.]" *Id.* at 5. The June 12 grievance also asserts "Sgt. Sexton [waved] the nurse away denying me medical assessment." Thus, the June 12 grievance complains only that Mr. Duchatellier was denied medical treatment by the State Defendants, and does not address the conduct of the Medical Defendants. Accordingly, Mr. Duchatellier cannot rely on either of these grievances to show he exhausted his claim against the Medical Defendants.

Mr. Duchatellier also argues he exhausted his claim against the Medical Defendants in Grievance No. 117637, in which he complained he received inadequate medical care for "pain in my arm" and did not receive responses to his health care request forms. ECF 53 at 8-10; ECF 53-1 at 6. However, Mr. Duchatellier submitted Grievance 117637 in August 2020, two months after he filed the instant complaint. *See id.*; ECF 1. Thus, because Mr. Duchatellier did not submit Grievance 117637 prior to filing this lawsuit, he cannot rely on it to exhaust his claims. *See Perez*, 182 F.3d at 535.

Mr. Duchatellier raises two more arguments that must be addressed. First, he says the grievance office failed to timely respond to Grievance 114195 and Grievance 117637. ECF 53 at 7-8. However, because Mr. Duchatellier cannot rely on these grievances to exhaust his claim against the Medical Defendants, as discussed above, this argument is

not relevant. Second, Mr. Duchatellier argues the court should strike various exhibits submitted by the defendants because they are not relevant to this case. *Id.* at 10-11. However, it is unnecessary to strike these exhibits because they are not pertinent to the court's decision and striking the exhibits will not change the outcome of this case.

Thus, because the undisputed facts show Mr. Duchatellier did not exhaust his claim against the Medical Defendants prior to filing this lawsuit, summary judgment is warranted in favor of the Medical Defendants. Because the State Defendants have not moved for summary judgment, Mr. Duchatellier may proceed on his claim against those defendants.

For these reasons, the court:

(1) GRANTS the Medical Defendants' summary judgment motion on Marc Duchatellier's claims against the Medical Defendants (ECF 47); and

(2) REMINDS the parties Marc Duchatellier is proceeding in this case only on the remaining excessive force claim against the State Defendants.

SO ORDERED.

September 28, 2021                               *s/ Damon R. Leichty*
                                                Judge, United States District Court

5