UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARC DUCHATELLIER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AUSTIN RUPERT, SHANE<br>MOTSHAGEN, and HALCARZ,<br><br>　　　　Defendants. | CAUSE NO. 3:20-CV-526-MGG |

OPINION AND ORDER

Marc Duchatellier, a prisoner without a lawyer, is proceeding in this case against Officers Ryan Halcarz, Austin Rupert, and Shane Motshagen on one claim of excessive force. ECF 23 at 2-3. He alleged that on April 13, 2020, the correctional officers unnecessarily and gratuitously tased his arm and slammed it into the cuff port in violation of the Eighth Amendment. ECF 1 at 2. Defendants filed a motion for summary judgment. ECF 117. Duchatellier filed a response, and defendants have replied. ECF 121, 124. The summary judgment motion is now fully briefed and ripe for ruling.[1]

---

[1] After the summary judgment briefing was complete, Duchatellier filed what he titled an Additional Reply and also a Notice to the Court on Defendants' Actions of Bad Faith Spoliation. ECF 125, 126. In them, he attaches evidence that suggests a video of the incident existed at one point and asks the court to find that the defendants withheld it or destroyed it in bad faith. It is unnecessary to make any determinations about the video to decide this summary judgment motion, so the court declines to consider the arguments raised in the filings at this time. Duchatellier may raise the issue again if he deems it necessary. To the extent the additional reply raises arguments concerning the summary judgment motion, the court will not consider them in ruling on this motion. Duchatellier did not have permission to file an additional brief, and the local rules do not authorize the filing of additional briefs beyond an opening brief, a response brief, and a reply brief without leave of court. N.D. Ind. L.R. 56-1(d).

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying" the evidence that "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). The court will not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable

inference of wantonness in the infliction of pain." Id. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

Duchatellier attests to the following facts: Around 4:48pm on April 13, 2020, Duchatellier noticed that Officer Rupert had taken his toothbrush and set it on the window outside his cell while he was out of his cell earlier. ECF 118-1 at 11-13. Believing that Officer Rupert was antagonizing him, Duchatellier asked to be cuffed up so that he could speak to the Captain. *Id.* at 14. Officer Rupert denied that request but "grabbed and yanked" Duchatellier's arm outside the cuff port. *Id.* Then, while Officers Rupert and Motshagen held his arm down outside the cuff port, Officer Halcarz tased Duchatellier's arm multiple times, resulting in a burn mark to his arm. *Id.*; ECF 21-1 at 1. Duchatellier reports that he was wearing a sweater on his arm, but nothing else. ECF 118-1 at 18. While being tased, Duchatellier said that Officer Rupert smashed his hand with the door to the cuff port before he could pull his arm back in. ECF 4 at 2. Duchatellier said defendants prevented him from getting medical attention right away and all he could do was fill out a medical request form. *Id.* at 14-15. Duchatellier

3

presently reports suffering from nerve damage to his left hand as a result of the altercation, requiring a Cymbalta prescription and therapeutic exercises. *Id.* at 19-21.

Defendants present a different account of the events of April 13, 2020. They maintain that they gave Duchatellier multiple orders to remove his arm from the cuff port and Duchatellier refused to do so. ECF 118-2, 118-3, 118-4, 118-5, 118-6. Then, after Duchatellier refused to follow orders, Officer Halcarz attempted but failed to effectively use a taser on Duchatellier. *Id.* The taser was ineffective, they say, because Duchatellier had wrapped his arm in magazines and layers of cloth. *Id.* Defendants report that he refused a medical assessment. *Id.*

Defendants argue summary judgment is warranted in their favor because any force used against Duchatellier was applied in a good faith to maintain or restore discipline. ECF 118 at 4. However, there are disputed material facts regarding the manner in which defendants used force and whether defendants' actions were good faith efforts to restore discipline. Specifically, defendants argue that Duchatellier's account that defendants "managed to grab him through the cuff port simultaneously" is false. ECF 124 at 1. However, Duchatellier maintains that they were so able. Although Duchatellier's personal account is enough to create a disputed fact, he also provides an additional affidavit in support from another inmate who witnessed it. *See* ECF 21-1. Defendants further contend they were unable to effectively use a taser on Duchatellier because he had wrapped his arm in newspapers and cloths. ECF 118 at 5. Duchatellier contends he was wearing only a sweater and that Defendants were successful in deploying the taser, resulting in a burn to his forearm. ECF 118-1 at 14, 19. Defendants

4

argue Duchatellier's injury is unsubstantiated because he refused medical attention after the altercation. ECF 118 at 6. But Duchatellier attested that defendants prevented him from being seen by medical and he filled out a healthcare request form that same day. ECF 118-1 at 14-15; ECF 121-2. Additionally, Duchatellier maintains that his hand was slammed in the cuff port after he had been tased, but this incident is missing from the defendants' factual account. ECF 1 at 2.

The contradictory reports from Duchatellier and defendants create a credibility dispute. *See Payne*, 337 F.3d at 770 (the court will not "make credibility determinations" or "weigh the evidence" in ruling on a summary judgment motion."). Construing these facts in Duchatellier's favor, a reasonable jury could conclude that defendants, in bad faith, used force beyond that which was necessary in order to maintain discipline.

Defendants further argue that even if this court finds that there are disputed material facts, it should dismiss the case against Officers Rupert and Motshagen because "Plaintiff cannot show how Motshagen and Rupert were personally directly involved in the execution of the alleged excessive force." ECF 118 at 6. This argument is unresponsive to Duchatellier's account that Officers Rupert and Motshagen were both involved in holding down his arm outside the cuff port and Officer Rupert was the one who slammed his hand in the cuff port. As a result of material factual disputes, no defendant is entitled to summary judgment.

For these reasons, the court:

(1) DENIES any relief requested regarding spoliation (ECF 125, 126) WITHOUT PREJUDICE to raising it at a later time;

(2) DENIES the motion for summary judgment (ECF 117) with respect to Marcus Duchatellier's claims against Officers Halcarz, Rupert, and Motshagen and

(3) REMINDS the parties this case is now proceeding on: Marcus Duchatellier's excessive-force claim against Officers Halcarz, Rupert, and Motshagen, in which he alleged Defendants used excessive force against him on April 13, 2020, by tasing him unnecessarily and smashing the cuff port door on his hand.

SO ORDERED on March 13, 2023

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
