UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARC DUCHATELLIER, | |
| Plaintiff, | |
| v. | CASE NO. 3:20-CV-526-SJF |
| GARY LEWIS, et al., | |
| Defendants. | |

**OPINION and ORDER**

The issue of whether the Plaintiff waived any spoliation arguments as related to certain video evidence and taser evidence, which Plaintiff alleges Defendants failed to preserve, has cast a shadow over these proceedings. It has hindered the parties' ability to negotiate settlement and led to an outsized expenditure of efforts by all the parties involved and by the Court. The issue arose most recently to block a scheduled settlement conference with another magistrate judge in this district, which was previously scheduled to be held between the parties. [*See* DE 195]. After the judicial settlement conference was cancelled, the parties filed a Joint Motion to Set Status Conference, in an attempt to resolve their dispute as to waiver. [DE 196].

Following the cancelled settlement conference, this Court held a telephonic status conference on February 14, 2025. [DE 198]. After hearing the arguments of counsel in that conference, the Court ordered that both sides prepare memoranda to outline their positions on the waiver issue and to advance arguments for the Court to consider. [DE 200]. The Defendants filed their Memorandum on the Waiver of the Spoliation Issue in

this Case on February 24, 2025. [DE 199]. The Plaintiff filed his Memorandum on His Non-Waiver of Defendant's Spoliation of Evidence on March 6, 2025. [DE 201]. Afterwards, the Court heard argument from the parties via video on May 21, 2025. [DE 210].

Having considered the parties' arguments and evidence in support, and under the rationale outlined further below, the Court declines to reconsider the order previously entered on February 14, 2024 [DE 157], and affirms the earlier holding that Plaintiff waived his spoliation argument.

I. **RELEVANT BACKGROUND**

Plaintiff filed this case against Defendants under Section 1983 based on his alleged mistreatment during his incarceration. Plaintiff represented himself during these proceedings [*see* DEs 173, 174, 176], until the Court appointed counsel on May 7, 2024. [DE 172]. The Court also vacated the initial trial set to begin on May 21, 2024. [DE 171]. Afterwards, on June 26, 2024, the Court reopened discovery so that Plaintiff's newly-appointed counsel could conduct four depositions. [DE 179]. Currently, this case is reset for trial on January 12, 2026. [DE 209].

The evidentiary issues this Court now addresses stem from Plaintiff's *pro se* attempts to obtain video recordings and taser data from an April 13, 2020, incident that ultimately gave rise to this case. [*See* DE 59 at 3, Req. Nos. 13, 17, 18]. Initially, in response to Plaintiff's requests, Defendants stated that no video recordings or taser data existed. [*See* DE 60 at 5-6, Resp. Nos. 13, 17, 18]. Defendants' response caused Plaintiff to file a document entitled Notice to the Court on Defendants [*sic*] Actions of Bad Faith

2

Spoliation, on November 30, 2022. [DE 126]. The Court treated Plaintiff's document as a motion and denied it without prejudice, stating that it was unnecessary to determine the issue at the time, and allowed Plaintiff to raise it again if he deemed it necessary. [DE 128 at 1 n. 1]. At the same time, the Court declined to address Plaintiff's arguments because they were brought while a motion for summary judgment filed by Defendants was pending. [*Id.*]

Plaintiff continued to raise the issue after the motion for summary judgment was decided. Relevant here, Plaintiff again "raised concerns over the lack of production of responsive discovery, including a video, and suggested that spoliation could be an evidentiary issue" during a telephonic status conference held on August 17, 2023. [DE 141 at 1]. As a result, the Court ordered Defendants to produce all relevant and available information to Plaintiff, or an affidavit from each relevant record keeper "indicating the full extent of efforts made to search for the information and the extent to which it is not available" by a certain date. [*Id.*] On October 16, 2023, the Defendants filed a notice with the relevant discovery thus far produced, along with affidavits detailing the full extent of the internal affairs process pertaining to Plaintiff's case regarding video retention and the full extent of efforts made to search for the information Plaintiff requested and the extent to which it was not available. [DE 146, at 2, ¶¶ 6-7]. Based on Defendants' filings, the Court scheduled a hearing on December 19, 2023, to assess Plaintiff's allegations of spoliation before trial. [DE 148].

Plaintiff further argues that after this point, his attempts to re-raise the spoliation issue were frustrated by his transfer around August 4, 2023, to Elkhart County

3

Correctional Center ("ECCC"). [DE 137]. Based on Defendants' responses, the Court scheduled an evidentiary hearing for December 19, 2023, and directed the parties to present evidence and argument regarding the alleged spoilation of the video, photographs, and diagnostic reporting regarding the taser related to the April 13, 2020, incident at issue. [DE 148 at 2-3]. On the same day, the Court set the case for trial. [DE 149]. Plaintiff, however, did not appear at this evidentiary hearing due to confusion at the jail. [DE 151]. Plaintiff's absence ultimately caused the Court to reset the hearing to January 17, 2024. [DE 151]. The Court later vacated the hearing set for January 17, 2024, because Plaintiff had not filed any materials with the Court. [DE 154]. In particular, the Court stated that the previously scheduled hearing was to be vacated "due to the lack of specific pleadings having been filed on behalf of Mr. Duchatellier" and that the Court would remediate that problem and ensure the proper filing of two documents, in addition to any other documents Plaintiff wished to file. [DE 154]. The Court determined that Plaintiff's failure to file anything was through no fault of his own, because any materials that he sent from ECCC were never received by the Court. [DE 154].

The hearing was again rescheduled for March 12, 2024. [DE 154]. The Court ordered ECCC to facilitate Plaintiff's filings so that they would be received by the Court by January 31, 2024, prior to the hearing as to provide the Court time for review. [DE 155]. Specifically, the Court ordered ECCC to facilitate the filing of:

> (1) Plaintiff's motion regarding spoliation that he unsuccessfully sent to the Court on November 25, 2023; (2) Plaintiff's motion for the appearance of

4

> Officer Robert Mendoza at the evidentiary hearing unsuccessfully sent on December 7, 2023; and any other filing Plaintiff wishes to send to the Court.

[DE 155 at 1-2]. In that same order, the Court gave Defendants leave to file a response to any of Plaintiff's filings by February 14, 2024. [*Id.*] Plaintiff was given leave to reply by February 21, 2024. [*Id.*]

Plaintiff subsequently filed one motion, *pro se*, which was a motion to compel the appearance of several Indiana Department of Corrections ("IDOC") employees to testify at the evidentiary hearing, including Robert Mendoza. [DE 156]. As a result, on February 14, 2024, the Court vacated the evidentiary hearing previously set for March 12, 2024. [DE 157]. In doing so, the Court stated that it had provided Plaintiff with "the opportunity to deliver his spoliation motion, appearance motion, and any other motion he desired to the Court" and that despite this opportunity, Plaintiff did not file the spoliation motion. [DE 157 at 2]. Therefore, the Court held that Plaintiff had not developed factual and legal arguments regarding spoliation and thus waived the spoliation issue. [*Id.*]

Despite the Court's holding, Plaintiff continued to raise spoliation and other evidentiary issues prior to the previously-set trial, which led court-appointed counsel to request that discovery be reopened. Specifically, counsel requested leave to conduct depositions of three remaining named defendants and one former defendant. The Court granted the request and a subsequent request to depose one additional witness. Plaintiff also received additional written discovery from Defendants after the appointment of counsel, specifically, a document evidencing that he submitted a

5

request for video surveillance as evidence from the April 2020 incident in anticipation of a disciplinary hearing. It is within the context of this new evidence and the prior proceedings that the Court reviews its order previously entered on February 14, 2024.

II.    ANALYSIS

Plaintiff argues that he did not waive his spoliation claims when he was proceeding *pro se* because he believed that the motion to compel the appearances of the IDOC employees was all that was required of him in order to comply with the Court's order in advance of the spoliation hearing set for March 12, 2024. Alternatively, Plaintiff argues that any waiver he made should be excused by the Court, because it was made in anticipation of the May 2024 trial that was subsequently vacated. Plaintiff further argues that vacating the trial and reopening discovery operated to "reset" the proceedings and so the Court should only see the waiver in that limited context, not in the context of the whole case. Plaintiff also argues that the additional evidence gathered after the Court reopened discovery warrants reconsideration of its February 14, 2024 order.

Defendants argue that Plaintiff has not filed a motion to reconsider, which would in any event be futile, because the additional evidence is not sufficient to warrant a reconsideration of the earlier order. Defendants also argue that the law of the case doctrine bars reconsideration here, because Plaintiff's request for reconsideration is excessively untimely and would be unduly prejudicial to Defendants.

Under the rationale outlined below, the Court holds that Plaintiff waived his spoliation argument. Further, the Court declines to excuse Plaintiff's waiver.

6

    a. **Legal Standard**

        i. **Standard of Reconsideration for Interlocutory Orders**

The Court's February 14, 2024, order is interlocutory in nature and so should be reviewed under Federal Rule of Civil Procedure 54(b). Under Rule 54(b), the Court has the inherent power to reconsider non-final orders before "the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Peterson v. Linder*, 765 F.2d 698, 704 (7th Cir. 1985); *Galvan v. Norberg*, 678 F.3d 581, 586-87 (7th Cir. 2012) (citing *Marconi Wireless Tel. Co. v. United States,* 320 U.S. 1, 47 (1943)). "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment, thereby bestowing sweeping authority upon the district court to reconsider a new trial motion." *Galvan*, 678 F.3d at 587 n. 3.

It is appropriate for the Court to reconsider a prior order where that previous order shows that:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for [reconsideration] would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F. 2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). It has long been acknowledged that if the power of the Court to reconsider its prior orders did not exist, then "[a] grievous wrong may be committed by some misapprehension or inadvertence by the judge for which there would be no redress." *Id.* at 1191-92. (quoting *Belmont v. Erie Ry.,* 52 Barb. 637, 641 (N.Y. App. Div. 1869) (J.

7

Cardozo)). Accordingly, district courts always have the power to modify earlier orders in a pending case. *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 773 F.2d 151, 154 (7th Cir. 1985).

### ii. Filing A Motion to Reconsider is Not Necessary Here

As an initial matter, the Court must address Defendants' argument that any consideration of the waiver issue is premature because Plaintiff has failed to file the necessary motion. Ordinarily, a party is limited to seeking relief through a motion. Despite this, "that the federal rules do not specifically authorize or describe a particular judicial procedure does not give rise to the prohibition of that procedure by negative implication." *Landau & Cleary, Ltd. v. Hribar Trucking, Inc.*, 867 F.2d 996, 1002 (7th Cir. 1989) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 628 (1962). District courts may take procedural actions not inconsistent with the Federal Rules of Civil Procedure based on their inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (internal citations omitted); *see also Strandell v. Jackson County*, 838 F.2d 884, 886 (7th Cir. 1988).

Further, the Court has a well-established duty to ensure that the claims of a *pro se* litigant are given fair and meaningful consideration. *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1981). This duty extends to a duty for the Court to address the difficulties posed by Plaintiff's incarceration, and while the Court is not to become an advocate on Plaintiff's behalf, "it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555

(7th Cir. 1996). Although Plaintiff is now represented by counsel, his previous status as a *pro se* litigant and the unique procedural posture of this case merits excusing his failure to abide by the Federal Rules of Civil Procedure through his failure to file a motion for reconsideration. Further, Defendants are not unduly prejudiced by the Court's excusal, because they have been provided with an opportunity to file a memorandum outlining their arguments and to argue this issue before the Court.

Finally, the Court remains mindful of the mandate "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Plaintiff raised the issue of wavier at several status conferences. At the most recent status conference, the Court ordered memoranda from the parties regarding the waiver issue and then heard oral argument. As such, the efficiency interests of Rule 1 outweigh the delay that would be caused by mandating that Plaintiff's counsel file a motion for reconsideration. Although Plaintiff has since been appointed counsel, it is still appropriate for the Court to address the merits of his argument now, rather than delaying this case even further based on the technicality of him not bringing forward a motion for reconsideration.

### iii. Waiver

The core issue before the Court is whether Plaintiff waived his spoliation arguments, as stated in the February 14, 2024, order. Waiver is an intentional relinquishment of a known right. *Hamer v. Neighborhood Hous. Servs.*, 897 F.3d 835, 840 (7th Cir. 2018) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). In order to determine whether a known right was intentionally waived, courts look to litigants' "words and

9

actions as objective manifestations, rather than asking what parties were thinking when they said or did something." *Id.* When determining whether Plaintiff waived his spoliation argument, it is appropriate to keep in mind that, as a *pro se* litigant, he is "likely not well versed in complex procedural rules." *Socha v. Pollard*, 621 F.3d 667, 673 (7th Cir. 2010). The requirement that Plaintiff knew of his right in this case, means that Plaintiff knew that he had a right to argue that spoliation applied in general to the circumstances of this case. *Hamer*, 897 F.3d at 840 (citing *Iowa v. Tovar*, 541 U.S. 77, 92 (2004)).

### b. Factors Warranting Reconsideration

Plaintiff argues that his actions leading to the scheduled evidentiary hearing "hardly evidenced abandonment of his spoliation arguments, as waiver requires." [DE 201 at 9]. In support, Plaintiff notes that when he filed the *pro se* motion to compel the appearance of several IDOC employees, he believed that he had sufficient relevant information regarding the spoliation issue so that no further motions were required.

Defendants argue that here, none of the factors warranting reconsideration of the February 14, 2024, order exist and that besides, under the law of case doctrine, it is unduly prejudicial to the Defendants for the Court to change its decision now. The Court agrees with Defendant for the reasons outlined below.

Here, Defendants refer to Judge Gotsch's citation to *United States v. Parkhurst*, for the proposition that Plaintiff waived his spoliation argument by failing to file a motion for spoliation as previously ordered. [ECF 157 at 2 (citing *United States v. Parkhurst*, 865 F.3d 509, 524 (7th Cir. 2017)]. As Defendants note, ample precedent supports the rule

that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived. *United States v. McGhee*, 98 F 4th 816, 824 (7th Cir. 2024); *Bradley v. Village of University Park, Ill.*, 59 F.4th 887, 898 (7th Cir. 2023). The Court ordered Plaintiff to re-file his motion regarding spoliation that he unsuccessfully sent to the Court on November 25, 2023. [DE 155 at 2]. The Court also gave Plaintiff leave to file any additional motions that he thought would be appropriate and directed him to compel witnesses to appear for the evidentiary hearing. Plaintiff, however, failed to follow the Court's clear written direction. The Court never received Plaintiff's original spoliation motion, which he intended to file while he was *pro se*.

Defendants argue that the Court was clearly acting within it is discretion when it denied the hearing on the spoliation issue relying on Plaintiff's failure to file his motion for relief prior to the deadline reset by the Court. [DE 199 at 4]. The Defendants further argue that the Court was correct to find that Plaintiff's argument was undeveloped and so waived under this Circuit's precedent.

Plaintiff argues that the facts do not support a finding that Plaintiff forever waived his right to renew a motion for spoliation sanctions. Specifically, Plaintiff argues that his submission of the motion to compel the appearance of several IDOC employees, including Robert Mendoza, showed his intent to move forward with his spoliation argument. However, Plaintiff does not address why he did not file a motion arguing for spoliation, as directed by the Court, or why he delayed until now in requesting to have the order vacating his spoliation hearing reconsidered.

11

This Court has discretion to adopt a more flexible approach when reviewing *pro se* submissions based on "its obligation to construe *pro se* submissions leniently[.]" *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (internal quotation omitted). However, this leniency should not be stretched to allow a *pro se* party to ignore a court's order entirely. The Court ordered Plaintiff to file his motion by the January 31, 2024, deadline. Despite the Court's clear written directive Plaintiff did not file the motion. Therefore, this Court held that Plaintiff waived any right to renew the issue of Defendants' alleged spoliation of evidence.

### c. **Plaintiff's Arguments in Support of Excusing Waiver**

Plaintiff argues that the Court should excuse any waiver on his part based on the circumstances of this case. Plaintiff argues that the earlier order was entered in anticipation of the earlier trial that was subsequently vacated, and so only acts as a limited waiver. Plaintiff also argues that there is sufficient additional evidence in this case as to excuse waiver based on the discovery of additional facts since the February 14, 2024, order was entered. Plaintiff's argument that vacating the earlier trial date served to limit the impact of the court's earlier order is addressed *infra*, along with the Defendants' argument that the law of the case doctrine applies. The Court now turns to Plaintiff's argument that evidence obtained since discovery was reopened warrants excusal of waiver here.

It is appropriate to reconsider a previous order where there are significant changes in the facts relating to an issue since its submission to the Court. *Bank of Waunakee*, 906 F.2d at 1191. "To support a motion for reconsideration based on newly

discovered evidence, the moving party must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Casse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269-70 (citing *Engelhard Indus., Inc. v. Research Instrumental Corp.,* 324 F.2d 347, 352 (9th Cir. 1963), *cert. denied*, 377 U.S. 923 (1964)).

Here, Plaintiff argues that the additional limited discovery that the Court granted after counsel was appointed yielded evidence related to the spoliation claim that significantly changes the landscape of this litigation. In particular, Defendants produced years-late documents evidencing that during his incarceration, Plaintiff had sought relevant video footage shortly after the incident that gave rise to this suit. Further, deposition testimony taken by Plaintiff after discovery was re-opened provided important information regarding IDOC's retention protocols as to relevant video and taser data evidence. In particular, the deposition testimony included testimony that the facility where Plaintiff was incarcerated preserved video surveillance for about 90 days, and this retention policy contrasted with the then-effective IDOC policy instructing all video evidence to be permanently retained. Deposition testimony also pointed to a protocol of preserving taser data, information which was not available when the Court initially set its evidentiary hearing regarding spoliation. Plaintiff argues that this additional evidence warrants reconsideration and excuses waiver of Plaintiff's spoliation argument.

13

Defendants argue that Plaintiff is unable to point to any new evidence that could justify excusing his earlier waiver. Defendants correctly note that, in these circumstances, Plaintiff has not shown that he could not with reasonable diligence have discovered and produced such evidence during the pendency of the earlier motion. Defendants argue that the new deposition evidence that Plaintiff presents has been available to him since the beginning of the case. Defendants argue that under *Oto*, this deposition testimony does not qualify as new evidence at all, because Plaintiff could have discovered it beforehand, if he had been diligent in serving discovery and requesting depositions of these witnesses. Defendants also argue that Plaintiff had a second opportunity to develop this testimony if "Plaintiff complied with the Court order and filed his motion for spoliation he could have placed any one of the subsequent deponents on the stand and elicited the same testimony he received at the depositions." [DE 199 at 8]. When arguing at the hearing set on the waiver issue, the Defendants addressed the new documents and argued that they were not sufficient to overturn the Court's earlier order.

Plaintiff argues that he was diligent in requesting written discovery and went to great lengths considering his incarcerated status in order to obtain it. However, Plaintiff's diligence does not extend to the oral testimony of the Defendant's witnesses that Plaintiff obtained after discovery was reopened. Plaintiff was given the opportunity to elicit testimony from a wide range of witnesses at the evidentiary hearing set by this Court, but chose not to by not naming them in his motion to compel their appearance. The newly discovered documentation that Plaintiff has obtained does not overweigh

14

the law of the case considerations here. Therefore, the Court declines to reconsider its earlier order on this basis.

### d. Law of the Case Doctrine Functions as a Bar to Reconsideration

Defendants argue that the "law of the case" doctrine supports maintaining the prior order in this case. "[L]aw of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *Pepper v. U.S.*, 562 U.S. 476, 506 (2011). The doctrine is well-settled and serves to discourage a later judge from reconsidering earlier decisions already made by the prior judge. *Gilbert v. Illinois State Bd. Of Educ.*, 591 F.3d 896, 902 (7th Cir. 2010). The doctrine is however, ultimately "discretionary and does not preclude a district court from reopening a decided issue." *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012).

The doctrine therefore does not act as an absolute bar to reconsideration, notwithstanding that generally one federal district judge should not overrule a decision or order of another federal district judge in the same case. *Bowles v. Wilke*, 175 F.2d 35, 37 (7th Cir. 1949) ("The only restraint upon a second judge in passing upon an interlocutory issue decided by another judge in the same case is one of comity only, which in no way infringes upon the power of the second judge to act."). The law of the case doctrine authorizes a judge to reconsider a previous ruling in the same litigation by a judge previously presiding in the case if compelling reasons to do so exist. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570 (7th Cir. 2006). The later judge should

15

depart from the earlier judge's decision only "if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it." *HK Systems, Inc. v. Eaton Corp.*, 553 F.3d 1086, 1089 (7th Cir. 2009) (quoting *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995)).

Defendants argue that the Court's earlier ruling in this case is entirely reasonable and that resurrecting the spoliation arguments would unduly harm Defendants.

As for untimeliness, Defendants acknowledge that there is no strict deadline that a party must follow when seeking review of a prior decision. *See Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, Cause No. 1:10–CV–44, 2013 WL 3834744, at *2 (N.D. Ind. July 24, 2023) (district courts have the broad discretion to reconsider an interlocutory order "at any time before entry of judgment"). However, Defendants argue, Plaintiff gave no indication for almost a year that he wished to review the substance of the Court's earlier order.

Defendants also argue that allowing Plaintiff to raise the spoliation issue again would be unfairly prejudicial to them, because it would result in a duplication of efforts to prepare for the spoliation hearing that Defendants argue they have had to prepare for at least two times before, over a year ago. Defendants note that a year has passed since counsel and witnesses were prepared for the two hearings that were ultimately rescheduled, and that Plaintiff had earlier demonstrated his competency in filing motions in these proceedings *pro se*. The inference that Defendants ask the Court to

16

make is that Plaintiff could have filed his spoliation motion, but chose not to do so twice, and so he waived his argument over a year ago.

Defendants' point as to Plaintiff's competence to litigate this case on his own behalf is well taken, and weighs against reconsideration. The Court also recognizes that preparing for an evidentiary hearing on a motion requires a level of sophistication and resources that are not readily available to an incarcerated *pro se* plaintiff. For an example, here the Court has recognized on numerous instances that Plaintiff suffered from technical issues at the jail, including missing orders, having hearings be continued, and failure of the jail to produce him at hearings and status conferences.

Plaintiff argues that the circumstances, changed as they are now since the appointment of counsel, warrant the Court revisiting the waiver issue and his ability to pursue the merits of his spoliation argument through appointed counsel. In support, Plaintiff relies on *Galvan v. Norberg*, where the Seventh Circuit opined that the trial judge correctly determined that the law of the case doctrine applied with less force than typical, where the request for reconsideration was related to a new trial order. 678 F.3d at 587-88. Plaintiff notes that similarly here, the circumstances changed once this Court vacated the initial May 21, 2024, trial date and reopened discovery, which ultimately led to the production of additional documents. Plaintiff also argues that contrary to Defendants' arguments, a renewed motion related to spoliation would not require substantially more work, because Defendants have already prepared the necessary witnesses and evidence in anticipation of prior hearings.

17

The Court concludes that requiring Defendants to prepare for yet a third hearing on this issue will cause the Defendants to unduly expend additional time and resources, over a year since the original order was entered. This rises to the level of undue harm that the law of the case doctrine is aimed to prevent.

III.   CONCLUSION

Accordingly, the Court **DECLINES** to reconsider the order previously entered on February 14, 2024. [DE 157]. The Court's earlier holding that Plaintiff waived his spoliation argument is **AFFIRMED**. [DE 157].

**SO ORDERED** this 22nd day of October 2025.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge
