**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

MARC DUCHATELLIER,

  Plaintiff,

    v.         CASE NO. 3:20-CV-526-SJF

GARY LEWIS, et al.,

  Defendants.

**OPINION and ORDER**

Several motions are pending with this Court in anticipation of the oncoming trial

in this case. Here, the Court addresses Plaintiff's Rule 37 Motion.[1] Plaintiff filed his Rule

37 Motion for Instruction Related to Deletion of ESI [DE 299], along with a

memorandum [DE 231] and exhibits in support [DE 230] of his motion. Plaintiff

requests that the Court "enter an appropriate sanction pursuant to Rule 37(e), including

but not limited to an instruction to the jury regarding the deletion of electronic

evidence." [DE 229 at 1]. On December 15, 2025, Defendants timely filed their Response

to Plaintiff's Motion for Sanctions. [DE 236]. In their response, Defendants argue that

Plaintiff waived such relief, as already decided by this Court's October 22, 2025,

Opinion and Order [DE 216]. On March 23, 2026, Plaintiff timely filed his reply, after the

---

[1] The type of sanctions that Plaintiff seeks, specifically the adverse inference jury instruction, is treated as a dispositive matter. *See Retired Chi. Police Ass'n v. City of Chi.*, 76 F.3d 856, 869 (7th Cir. 1996); *Pable v. Chicago Transit Authority*, Case No. 19 CV 7868, 2023 WL 2333414, at *18 (N.D. Ill. Mar. 2, 2023); *Gruenstein v. Browning*, No. 1:17-cv-2328, 2022 WL 3213261, at *4 n.6 (N.D. Ill. Jun. 21, 2022); *CarmelCrisp LLC v. Putnam*, Case No. 19 C 2699, 2022 WL 1228191, at *1 n.1 (N.D. Ill. Apr. 26, 2022). In this case, the parties consented to the exercise of jurisdiction by a United States Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule 72-1.

Court extended his deadline to do so. The other motions pending before the Court will be addressed in due course.

## I.    Relevant Background

The evidentiary issues regarding certain video evidence and taser evidence have been the subject of much controversy in this case, which the Court once again addresses. Plaintiff filed this case against Defendants under Section 1983 based on his alleged mistreatment during his earlier incarceration. Plaintiff represented himself during these proceedings [see DEs 173, 174, 176], until the Court appointed counsel on May 7, 2024. [DE 172]. Afterwards, on June 26, 2024, the Court reopened discovery at the request of that Plaintiff's newly-appointed counsel. [DE 179]. This motion is brought partially as a result of the additional discovery conducted since.

The evidentiary issues arose from Plaintiff's *pro se* attempts to obtain video recordings and taser data from an April 13, 2020, incident that ultimately gave rise to this case. [*See* DE 59 at 3, Req. Nos. 13, 17, 18]. Initially, in response to Plaintiff's requests, Defendants stated that no video recordings or taser data existed. [*See* DE 60 at 5-6, Resp. Nos. 13, 17, 18]. On April 7, 2022, the Court ordered Defendants to file all discovery produced so far [DE 69], and then again on May 17, 2022 [DE 73]. After being twice ordered to do so, [DEs 69, 73] Defendants did eventually file discovery, but it was apparently incomplete. As a result, on November 30, 2022, Plaintiff filed a document with the Court alleging that the Defendants engaged in bad faith spoliation [DE 126]. The Court denied Plaintiff's initial motion without prejudice as premature based on a pending motion for summary judgment Defendants had filed. [DE 128 at 1 n. 1]. After

the motion was decided, Plaintiff suggested that spoliation could be an issue during a telephonic status conference held on August 17, 2023, which led to an order directing the Defendants to produce all relevant and available information or an affidavit from each relevant record keeper outlining the efforts to obtain the information and the extent to which the information was not available. [DE 141 at 1]. On October 16, 2023, Defendants filed the relevant discovery produced thus far, along with responsive affidavits. [DE 146 at 2, ¶¶ 6-7]. Based on Defendants' filings, the Court scheduled a hearing on December 19, 2023, to assess Plaintiff's allegations of spoliation before trial. [DE 148]. The Court directed the parties to present evidence and argument regarding the alleged spoliation of the video, photographs, and diagnostic reporting regarding the taser related to the April 13, 2020, incident at issue. [DE 148 at 2-3].

The Court's February 14, 2024, Order provides a summary of what happened next. [DE 157]. Plaintiff did not appear at this evidentiary hearing due to confusion at the jail, and the Court reset the hearing to January 17, 2024. [DE 151]. The Court later vacated the hearing set for January 17, 2024, because Plaintiff had not filed any materials with the Court, and rescheduled it for March 12, 2024. [DE 154]. The Court also directed Plaintiff, with the aid of Elkhart County Correctional Center[2], to resend his motion regarding spoliation that he had unsuccessfully sent to the Court on November 25, 2023. [DEs 154, 155]. Plaintiff subsequently filed one motion, which was to compel the appearance of several Indiana Department of Corrections ("IDOC") employees to

---

[2] Plaintiff was incarcerated at Elkhart County Correctional Center at that time.

3

testify. [DE 156]. As a result, on February 14, 2024, the Court vacated the evidentiary hearing previously set for March 12, 2024. [DE 157]. In doing so, the Court held that Plaintiff had not developed factual and legal arguments regarding spoliation and thus waived the spoliation issue. [DE 157 at 2].

Despite the Court's earlier order, Plaintiff continued to raise spoliation and other evidentiary issues, which led court-appointed counsel to request that discovery be reopened, which the Court granted. On October 2, 2024, Plaintiff also received additional written discovery from Defendants, specifically, documents evidencing that he submitted a request for video surveillance as evidence from the April 2020 incident in anticipation of a disciplinary hearing. [DEs 230-7, 230-8, 230-9].

With the additional discovery conducted, and following a telephonic status conference on February 14, 2025, both sides were ordered to prepare memoranda to outline their positions on whether Plaintiff waived any spoliation arguments as related to certain video evidence and taser evidence. [*See* DE 200]. The Court heard argument from the parties via video on May 21, 2025. [DE 210]. Ultimately, on October 22, 2025, the Court declined to "reconsider the order previously entered on February 14, 2024 [DE 157], and affirm[ed] the earlier holding that Plaintiff waived his spoliation argument." [DE 216].

Now, Plaintiff argues that the Court's earlier rulings do not apply to his Rule 37 Motion, because the relief he seeks under Fed. R. Civ. P. 37(e) is procedurally distinct from his earlier spoliation claim, namely because it does not require evidence of bad faith. Plaintiff's request for sanctions relies on the predicate argument that he did not

earlier waive all of his spoliation arguments. Defendants respond that there is no room for an alternative interpretation of the Court's October 22, 2025, Opinion and Order; there is no indication that it applies only to a bad faith spoliation instruction under Fed. R. Civ. P. 37(e)(2). In support, Defendants note that the relief Plaintiff seeks, "an instruction permitting the jury to review the evidence of the deletion and assess for themselves whether an adverse inference is warranted," is available only under the bad faith provision of Fed. R. Civ. P. 37(e)(2), and that Plaintiff only referenced "bad faith" once, when he brought his initial notice on November 30, 2022. [DE 126].

Under the rationale explained *infra*, the Court finds that Plaintiff did not waive all of the relief available to him under Fed. R. Civ. P. 37(e), and issues an Order consistent with the finding.

## II. Analysis

### a. Scope of Plaintiff's Waiver in Court's October 22, 2025 [DE 216], and February 14, 2024 [DE 157] Orders

Plaintiff requests the adverse inference instruction pursuant to Rule 37(e), under the rationale that Rule 37(e) allows for relief that does not require a predicate showing of bad faith. Defendant responds that the Court already decided that Plaintiff waived his spoliation argument in its October 22, 2025 [DE 216], and February 14, 2024 [DE 157], Orders.

Plaintiff contends relief under Fed. R. Civ. P. 37(e), is available because his earlier spoliation claim was addressed only to the Court's inherent powers and is separate from relief obtained under Rule 37(e).

"A court has inherent authority to sanction a party that has abused the judicial process." *In re Local TV Advertising Antitrust Litigation*, Case No. No. 18 C 6785, 2023 WL 5607997, at *4 (N.D. Ill. Aug. 30, 2023) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). However, "when conduct could be adequately sanctioned under the Federal Rules of Civil Procedure or a specific statute, a court should generally rely on those rules or statute to impose sanctions rather than on its inherent authority." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 949 (N.D. Ill. 2021) (citing *Chambers*, 501 U.S. at 50 (1991)).

Plaintiff argues that he has preserved his opportunity to pursue "his separate argument that Defendants failed to preserve electronically stored information pursuant to Fed. R. Civ. P. 37(e)—a procedurally distinct motion that does not require evidence of bad faith." [DE 231 at 1 n. 2 (quoting [DE 201 at 10 n. 5])]. Basically, Plaintiff argues that the Court previously applied its inherent authority[3] to deny Plaintiff relief, but that Plaintiff did not waive any claims he could have brought under Rule 37.

In December of 2015, Rule 37 of the Federal Rules of Civil Procedure was amended to address the spoliation of electronically stored information ("ESI") like the missing video and taser evidence at issue here. *See* Fed. R. Civ. P. 37(e). Caselaw from

---

[3] "A federal court's inherent authority is an implied power that emanates from the nature of the institution and the need to 'impose silence, respect, and decorum, in their presence, and submission to their lawful mandates . . . so as to achieve the orderly and expeditious disposition of cases.'" *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) (quoting *Chambers*, 501 U.S. at 43 (1991)). A court may sanction a party under its inherent authority for willful disobedience of a previous order, for acting "in 'bad faith, vexatiously, wantonly, or for oppressive reasons,' for fraud on the court, delay, disruption, or 'hampering enforcement of a court's order.'" *Id.* (quoting *Chambers*, at 44-45). The authority is broad, particularly "where the court uses the sanction to maintain 'the integrity of the trial process.'" *Id.* (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833 (1994).

"district courts within the Seventh Circuit recognizes that Rule 37(e) provides the sole source to address the loss of relevant ESI that was required to be preserved but was not because reasonable steps were not taken." *Pable*, 2023 WL 2333414, at \*17 (collecting cases). In support, courts often observe "that the Advisory Committee's Note states that the 2015 amendment to the Rule 'forecloses reliance on inherent authority or state law to determine when certain measures should be used.'" *Id*. at \*17 (quoting Fed. R. Civ. P. 37(e), Advisory Committee Note, 2015 Amendment); *see also Advanced Magnesium Alloys Corp. v. Dery*, No. 1:20-cv-02247-RLY-MJD, 2023 WL 5827550, at \*3 n. 3 (S.D. Ind. Sept. 2023). The video evidence and taser data sought by Plaintiff is electronic, so the Court is limited to conducting an analysis under Rule 37.

First, Defendants argue that "[t]here is no indication that the Court's order in [DE 216] applies only to a 'bad faith' spoliation instruction under Federal Rule 37(e)(2)." [DE 236 at 2]. Defendants also note that the remedy that Plaintiff seeks now, an adverse jury instruction, is the same as that available under the bad faith provision of Rule 37(e)(2). [*Id*.]. They further argue that "[t]his issue has been litigated enough, and the Court has already issued a final ruling. There is no basis for the Court to reconsider its holding now, at this late date." [*Id*.]. However, contrary to Defendants' argument, Plaintiff did not waive all relief under Rule 37(e). Under Rule 37(e), the court may remedy the loss of "electronically stored information that should have been preserved in the anticipation or conduct of litigation" because of a party's failure to take reasonable steps to preserve it and when the ESI "cannot be restored or replaced

through additional discovery." Fed. R. Civ. P. 37(e). Rule 37 provides two separate

remedies, depending on whether certain conditions are met:

> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e)(1), (2). Rule 37 contemplates two separate remedies, and only Rule

37(e)(2) requires a showing of "the intent to deprive another party" of the information

in the litigation. Fed. R. Civ. P. 37(e)(1),(2). Intent, for the purposes of Rule 37, is

equivalent to bad faith. *Doe v. Purdue University*, Cause No. 2:17-CV-33-JPK, 2021 WL

2767405, at *14 (N.D. Ind. July 2, 2021) (citing *Apex Colors Inc. v. Chemworld International

Limited, Inc.*, CAUSE NO.: 2:14-CV-273-PRC, 2018 WL 4853500, at *6 (N.D. Ind. Oct. 5,

2018). Therefore, the text of the rule contemplates two separate remedies: the second,

under Rule 37(e)(2), requires a showing of bad faith and the first, under Rule 37(e)(1),

does not. That treatment of the rule is evident in the analysis courts undertake to see

whether relief is justified. *See Allen v. Richardson*, No. 16-cv-410-wmc, 2019 WL 135683,

at *2 (W.D. Wis. Jan. 8, 2019) (undertaking analysis of whether showing of prejudice

under Rule 37(e)(1) was sufficient for sanctions first and then whether sanctions were

appropriate under Rule 37(e)(2) second); *Ayers v. Heritage-Crystal Clean LLC*, No. 1:20-

cv-5076, 2022 WL 2355909, at \*2-\*4 (N.D. Ill. June 1, 2022) (determining that deletion of ESI was not intentional under Rule 37(e)(2) first and then finding prejudice under Rule 37(e)(1)).

Plaintiff also asks the Court to revisit its October 22, 2025, Opinion and Order that found he waived his spoliation argument and determine whether that waiver was broad, or more narrow as to his bad faith claims only. Therefore, the issue before the Court is whether Plaintiff waived his spoliation arguments broadly, or only as to those that required a showing of bad faith, as stated in the February 14, 2024, order. Waiver is an intentional relinquishment of a known right. *Hamer v. Neighborhood Hous. Servs.*, 897 F.3d 835, 840 (7th Cir. 2018) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). In order to determine whether a known right was waived, courts look to litigants' "words and actions as objective manifestations, rather than asking what parties were thinking when they said or did something." *Id.* When determining whether Plaintiff waived his spoliation argument, it is appropriate to keep in mind that, as a *pro se* litigant, he is "likely not well versed in complex procedural rules." *Socha v. Pollard*, 621 F.3d 667, 673 (7th Cir. 2010).

This Court is further entitled to take a more flexible approach when deciding compliance of *pro se* submissions based on "its obligation to construe *pro se* submissions leniently[.]" *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (internal quotation omitted). The Court believes that the Plaintiff intended to elicit testimony to show bad faith spoliation based on whatever the witnesses said at the scheduled spoliation hearing when he filed a motion to compel the appearance of several witnesses in order

9

to ensure that they would be present. Plaintiff's initial notice and his motion to compel the appearance of several witnesses in anticipation of the hearing, shows that he was prepared to elicit testimony and anticipated that he would be able to request relief then. Further, he has continuously brought up spoliation as an issue from November 30, 2022, and has persisted in his efforts to bring his spoliation arguments before the Court even before counsel was appointed.

To reiterate, Defendant argues that it is evident that Plaintiff seeks relief already deemed waived by the Court because he seeks the same remedy prescribed by the bad faith provision of Rule 37(e)(2). [DE 236 at 2]. Defendant's argument that Plaintiff is requesting the same remedy available under Rule 37(e)(2) is unavailing. Both subsections of Rule 37(e) allow for the Court to fashion a wide latitude of remedies, some of which overlap. Further, Rule 37(e)(2) allows for remedies that go beyond the "no greater than necessary" limitation in Rule 37(e)(1). For example, Rule 37(e)(2) allows the Court to require a jury to presume any lost information was unfavorable to the party that had the duty to preserve it, and even allows for dismissal of an action or the entry of a default judgment. *See* Fed. R. Civ. P. 37(e)(2)(B), (C).

Defendants' argument that Plaintiff earlier waived any bad faith spoliation arguments is well taken. Particularly, Plaintiff first alleged that Defendants engaged in bad faith spoliation and those alleged actions fall under Rule 37(e)(2). [*See* DE 126]. In his initial filing related to Defendants' alleged bad faith spoliation, Plaintiff alleges that Defendants lied to the Court "in producing all documents" and withheld or destroyed the adverse evidence "in bad faith and with intentions to suppress the truth in hope to

turn the judgment in their favor and against the Plaintiff." [DE 126 at 2]. Further,

Plaintiff does not focus on how he was prejudiced by the absence of the evidence he

sought, so he does not undertake the separate analysis Rule 37(e)(1) requires. Further, to

reiterate, the Court believes that Plaintiff's initial notice and his subsequent actions

show that he was preparing to argue that the Defendants had lost the relevant video

footage and taser data in bad faith. Accordingly, Plaintiff waived any possible claims

under Rule 37(e)(2) but not under Rule 37(e)(1).

### b. Sanctions under Federal Rule Civil Procedure 37(e)(1)

Finding that Plaintiff waived his bad faith spoliation claims under Rule 37(e)(2),

the Court turns to whether to grant his request for an adverse jury instruction under

Rule 37(e)(1).

"Federal Rule of Civil Procedure 37(e) requires the following to find a violation:

that the lost information (1) must be electronically stored information ("ESI"), (2)

existing during anticipated or actual litigation, (3) which 'should have been preserved'

because it is relevant; (4) was 'lost because [ ] a party failed to take [ ] reasonable steps

to preserve it' and (5) cannot be restored or replaced through additional discovery.

Moreover, '[i]f any of these five prerequisites are not met, the court's analysis stops, and

sanctions cannot be imposed under Rule 37(e).'" *Ayers,* 2022 WL 2355909, at

*2 (quoting *Snider*, 2017 WL 2973464 at 4).[4]

---

[4] *Ayers* also contains a flow chart of the quoted analysis, which shows that the analysis diverges based on whether bad faith exists. *See Ayers*, 2022 WL 2355909, at *2 (citing *DR Distributors*, 2021 WL 185082, at *75; Hon. Iain D. Johnston & Thomas Y. Allman, *What Are the Consequences for Failing to Preserve ESI: My Friend Wants to Know*, Circuit Rider 57-58 (2019)).

Further, under Rule 37(e)(1), prejudice refers to when "a party's ability to obtain the evidence necessary for its case has been thwarted. Prejudice also occurs when parties are forced to unnecessarily litigate e-discovery issues when ESI is spoliated." *Doe v. Purdue University*, 2021 WL 2767405, at *11 (quoting *DR Distributors, LLC*, 2021 WL 185082, at *96). Beyond the financial prejudice incurred from the costs of unnecessary litigation stemming from the loss of the ESI sought, "Rule 37(e)(1) also encompasses substantive or merits-based prejudice." *Id.* at *12. To determine how much substantive prejudice a party suffered, the court must see whether the missing information was produced in other documents or could be obtained through similar relevant or probative information from other sources. *Id.* (quoting *Tomasian v. C.D. Peacock, Inc.*, No. 09 C 5665, 2012 WL 13208522, at *9 (N.D. Ill. Nov. 8, 2012)).

The Court has wide latitude when imposing sanctions, but must take care that any sanctions imposed be proportionate to the circumstances surrounding a party's failure to comply with discovery. *Doe v. Purdue University*, Cause No. 2:17-CV-33-JPK, 2021 WL 2767405, at *12 (quoting *Queen v. W.I.C., Inc.,* No. 14-CV-519-DRH-SCW, 2016 WL 11269313, at *4 (S.D. Ill. Dec. 13, 2026); *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 515 (7th Cir. 1997)). A court must review a case's procedural history as a whole when determining whether sanctions are proportionate. *Id.* (quoting *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011)). This ensures that a sanction is "one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction[.]" *Saldago v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998).

12

Here, Defendant did not respond to Plaintiff's arguments related to Fed. R. Civ. P. 37, beyond arguing that a broad waiver applied. Accordingly, any objection Defendants could have brought regarding the scope of relief that Plaintiff requests are waived. *See Ennin v. CNH Indus. Am., LLC,* 878 F.3d 590, 595 (7th Cir. 1990); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

However, the Court must determine how much prejudice Plaintiff suffered in order to fashion a proportionate remedy as a cure.

First, it is not disputed that the information was stored electronically.

Second, Plaintiff points to several circumstances that show that the information existed when litigation was commenced or at least anticipated. The lead investigator of the correctional facility where Plaintiff was incarcerated at the time of the incident testified at his deposition that it had a duty to maintain video footage during the pendency of a lawsuit. *See* [DE 231 at 3]. Video footage was stored for at least 60 days up to around 90 days; if notified of a lawsuit, the footage would be pulled and copied onto a disc in order to be retained in evidence. [*Id.*]. The lead investigator also described the retention policies for claims analogous to Plaintiff's; taser data was typically held for over 20 years on a third-party website. [*Id.* at 4]. Correctional facility officials testified to reviewing the taser data during the course of administrative hearings. [*Id.* at 3]. Plaintiff filed his complaint 70 days after the incident, so the video footage should have existed based on the facility's practice. Further, a letter by the executive director of IDOC dated three days after Plaintiff filed his lawsuit referenced a recorded video of the incident. [DE 231 at 4, DE 125-1].

Third, the evidence was produced as a result of the incident that gave rise to Plaintiff's complaint, so it is relevant.

Fourth, the circumstances in this case show that the evidence was lost because Defendants failed to take reasonable steps to preserve it. Circumstantial evidence indicates that the video footage and taser data existed at the time Plaintiff filed his complaint. Defendants failed to articulate any steps taken to preserve this evidence and do not explain how this video surveillance footage and data came to be missing.

Finally, the evidence cannot be restored or replaced through additional discovery. Accordingly, Plaintiff has demonstrated that relief is warranted under Rule 37(e)(1) here.

### III.   Conclusion

Accordingly, Plaintiff's Rule 37 Motion for Instruction Related to Deletion of ESI is **GRANTED in PART**. [DE 229]. Plaintiff may present evidence that Defendants failed to take reasonable steps to preserve the video footage and taser data and cross-examine Defendants' witnesses accordingly. At the close of the evidence and if supported by the testimony, Plaintiff may submit a jury instruction patterned after the Seventh Circuit Pattern Civil Jury Instruction 1.20 on Spoliation for the Court's consideration for inclusion in the final jury instructions.

**SO ORDERED** this 5th day of May 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge

14